NEW-YORK,
May, 1806.

The People
v.
R. B. Curling.

should have been left to the jury. The objection, as to the assertion in the deposition of *Holmes*, that the note belonged to *Deleon*, was not sufficient to arrest the other evidence, and prevent its going to the jury. However slight the evidence might have been, it might have had some weight with the jury, and if it was sufficient to have raised a doubt in their minds, the defendants might insist that it should be submitted to their deliberation. The judge might, if he had thought proper, have charged the jury that the evidence was slight, or entitled to no weight ; still, like every other matter of fact, it ought to have been left to their consideration.

*A. Bleecker*, contra, was stopped by the court.

## The People *against* R. B. Curling.

On an indictment for forging a *check*, drawn in the name of a copartnership firm, on the President and Directors of the Manhattan

THE prisoner was convicted at a court of *oyer & terminer*, in the city and county of *New-York*, in *January*, 1806, of *forgery*. The indictment contained four counts, on a forged check on the *Manhattan Company*, signed, " *Daniel Ludlow & Co.*" The first count charged the forgery to have been committed with an intent to defraud *Daniel Ludlow*,

*Company*, it was held that it was not necessary to set out the names of all the partners who composed the copartnership, or the Banking Company.

and *Daniel Ludlow, junior.* The second count charged it
to have been done with intent to defraud the *President* and
*Directors* of the *Manhattan Company.* The fourth count
charged the uttering of the check *scienter*, with intent to
defraud *Daniel Ludlow.* On the return to the *certiorari*,
directed to the court of *oyer & terminer*, the counsel for
the prisoner, moved in arrest of judgment, on the follow-
ing grounds :

1. Because in the count charging the forgery with intent
to defraud the drawers of the check, the name of *Ludlow
Dashwood* was omitted ; and in the count for *uttering* the
same, with intent to defraud the drawers, the names of *Daniel
Ludlow, junior,* and *Ludlow Dashwood,* were omitted.

2. The counts charging the forgery, and uttering of the
check, with intent to defraud the *President* and *Directors* of
the *Manhattan Company*, are not sufficiently certain and de-
scriptive of the persons intended to be defrauded.

3. The act incorporating the *Manhattan Company*, is a
private act, and was not spread upon the record, nor given in
evidence ; and the court could not *judicially* take notice of
any such company under that name.

*Riker*, district attorney, for the people.

*T. A. Emmett & Blake*, for the prisoner.

*Per curiam.* Though the forgery was of the copartner-
ship name of *Daniel Ludlow & Co.* it was not necessary to
state an intention to defraud every individual of the com-
pany : the omission, therefore, of the name of one of the
partners in one count, and of two of them in another, is not
fatal. By our statute, forgery is complete, if it be done
with intent to defraud any " *person.*" Though an inten-
tion, therefore, may have existed, to defraud every member
of society, through whose hands the check passed, nothing
more was required than that any one person, thus intended
to be defrauded, should be designated. An acquittal, on
such an indictment, will always be a bar to another prosecution
for the same forgery, though laid with intent to injure some
other person. A different rule, would often render it very
difficult to draw a correct bill, from not knowing all the part-

† *Lovell's* Case,
1. *Leach*, 282.

ners of a house.  This is a reasonable course, and safe for the prisoner.  All he can require is, that the nature of his crime, and the name of his accuser, be set forth with sufficient certainty.  Such was the opinion of the twelve judges,† in a case somewhat resembling this.  What does the prisoner here complain of ?  He does not deny that he committed the offence with the intent laid in the indictment, but because it was designed to have had a still more extensive operation, he expects to be dismissed with impunity.  The reason he assigns for our favourable interposition, has nothing in it to excite much sympathy, and it would not be much to the honour of those who have devised the mode of proceeding in criminal cases, if we were bound to listen to it.

These two counts being good, it is unnecessary to dispose of any objections to the other, because, in criminal cases, one good count is sufficient to support a general verdict of guilty, however defective the others may be ; for the reason, no doubt, that the prisoner has been convicted of the *whole matter* included in the good as well as bad counts.  *Grant* v. *Astle, Dougl.* 730.

Motion denied, and judgment against the prisoner.