ALBANY,<br>Jan. 1835.

The People<br>v.<br>Cooper.

New trial denied.

---

## The People vs. Cooper.

An *indictment* lies against a party who, in the exercise of the *right of recaption*, to repossess himself of goods taken from him under an attachment against another person, commits a breach of the peace by assaulting the officer who took the goods, if the process under which the seizure was made is *regular upon its face*, although the officer who issued it *had not jurisdiction* of the subject manner.

It is not necessary, in such case, that proof should be given of the regularity of the proceedings preliminary to the issuing of the attachment; and though it be *affirmatively shown* that the justice had not jurisdiction, the party who commits a *breach of the peace* in the exercise of the right of recaption is punishable *criminally—an action* for damages, however, does not lie in such a case.

A count in an indictment in such case, charging the assault to have been made upon the officer *while in the execution of the duties of his office* is good, although it does not contain averments of *urisdiction* in the officer issuing the attachment, the suing out of the process, the delivery to the officer, &c. The allegation of the assault on the officer while in the execution of the duties of his office, being considered as mere matter of aggravation.

Error from the general sessions of Oneida. The defendant was indicted for an assault and battery. The indictment contained three counts : the two first, substantially alike, charged a common assault and battery committed on the body of one Thomas Hull ; and the third count charged the assault and battery to have been committed upon *Hull, then and there being one of the constables of the county of Oneida, and in the due execution of the duties of his office.* On the trial of the indictment, an *attachment,* authorized to be issued by a justice of the peace against the goods and chattels of a party about to depart with his property from the county in which he resides, with the intent to defraud his creditors, was produced ; it was issued by one of the justices of the peace of the city of Utica, directed to any constable of the county of Oneida, and in other

respects was in the usual form, commanding the officer to attach, &c. The defendant objected to its being received in evidence, unless the preliminary proofs were produced, showing that the justice had obtained jurisdiction, &c. The court overruled the objection, deciding that the attachment being regular on its face, was an authority and justification to the officer acting under it. Hull then testified that he, as a *constable of the city of Utica*, appointed under its charter, by virtue of the attachment, levied upon a trunk; that the defendant attempted to to take the trunk from him, and during such attempt, struck him several blows, by which he caused the blood to flow from his mouth, and that marks of violence were visible in two or three places on his face. The defendant insisted that the official character of Hull was that of a *special bailiff*, and not of a *public officer*, and that therefore evidence of his appointment should be produced. The court decided that such proof was not necessary. The defendant proved that the trunk levied upon by Hull was his property, and not the property of the defendant in the attachment, and that directly after the constable had seized the trunk, he told him that it was his property, demanded it, and attempted to take it from him, but failed in doing so; and was obliged to resort to a writ of replevin to regain possession. The defendant gave in evidence the *bond* and *affidavit* upon which the attachment was founded. The bond was in the usual form, but the affidavit, made by the plaintiff in the attachment, only stated that the defendant against whom the attachment was asked was about to depart, &c. with the intent, *as the plaintiff had been informed and believed*, to defraud his creditors. The court, however, decided that the process of *attachment* produced was regular on its face, and would protect the officer; and that if he was assaulted in the execution of such process, it was a breach of the peace, and would sustain the charge in the indictment, unless the defendant could prove that the constable knew it had issued irregularly. The defendant failing to prove such knowledge, the court rejected the evidence of the bond and affidavit, and charged the jury, that from the evidence it appeared that the trunk was the property of the defendant, but that notwith-

standing, if the constable had process regular on its face, and had the *manual possession* of the trunk when the defendant attempted to regain it, the defendant could not lawfully regain it by force ; and that if they should find that the constable had such possession, and that the defendant attempted to regain the possession by force, they ought to find the defendant guilty: The jury found the defendant guilty, and the court imposed upon him a fine of five dollars. The defendant sued out a writ of error.

*Ward Hunt & B. T. Cooper*, for plaintiff in error, insisted that, although the indictment contains three counts, the two first ought to be considered as merged in the third, which is a charge of *beating an officer in the execution of the duties of his office*. To that charge all the evidence in the case is directed, and though the jury, in finding the defendant guilty generally upon the whole indictment, must necessarily have included the *assault*, yet finding, as they do, the whole indictment true, the conclusion of law is *that they found the assault committed under the circumstances charged*. So it was held in the case of *The King* v *Osmer* 5 *East*, 304, where a party was indicted for an *assault*, and obstructing an officer, in the due execution of his office, from making an arrest. If the third count then be considered as containing the gist of the offence for which the defendant was indicted, it is insisted that such count is wholly defective, in failing to set forth the facts and circumstances necessary to show that the defendant was guilty of any offence, which must be stated with proper certainty, or the indictment cannot be sustained. 1 *Chitty's Cr. Law*, 169. 9 *Cowen*, 586. An indictment for beating, resisting or obstructing an officer in the execution of the duties of his office, should state that he was a legal officer, acting by virtue of process issued from a court, or by an officer having jurisdiction in the matter, setting forth the process, so that on the face of the indictment it may appear that the officer was obstructed in the due execution of legal process ; it is like an indictment for a *rescue*, in which all these averments must be made, or it is bad. *Bull. N. P.* 62. *Str.* 1226. 8 *Mod.* 357. *Hawkins' P. C.* 184. It should therefore have been alleged in the indictment

ALBANY,<br>
Jan. 1835.<br>
<br>
The People<br>
v.<br>
Cooper.

ALBANY, that the officer had process of attachment, issued by a justice
Jan. 183 ). who had obtained jurisdiction in the matter by a compliance
The People on the part of the applicant for the attachment, with all the
v. requirements of the statute. If these averments were not ne-
Cooper. cessary, the general sessions, at all events, should have re-
quired evidence of the preliminary proofs, showing jurisdic-
tion in the justice before receiving the attachment in evidence;
for unless the justice had jurisdiction, he, in issuing the pro-
cess, and the officer in executing it, were both *trespassers*,
and the defendant or any other person might lawfully inter-
fere to prevent its execution, doing no more than what was
necessary for that purpose. 2 *Chitty's Cr. Law*, 166. 1 *Rus-
sell*, 361, 510, 511, 2 *id.* 704. 3 *Com. Law. R.* 315. 10 *id.*
466. 5 *East*, 304. *East's P. C.* 310, 25, 295. 6 *Wendell*,
438. 19 *Johns. R.* 39. This position does not interfere with
the doctrine of this court in *Savacool* v. *Boughton*, 5 *Wendell*
175, where it is held that process good upon its face is a pro-
tection to the officer executing it *against an action of tres-
pass ;* such process serves him as a *shield* against an *action* or
an *indictment*, but it cannot be converted into a *sword*. The
same protection which the decision in *Savacool* v. *Boughton*
affords here, was granted by an act of parliament in Eng-
land, 24 *Geo.* 2, *ch.* 44, to an officer executing a warrant reg-
ular in its frame. But if the public prosecutor was not bound
to give evidence of the preliminary proofs showing jurisdic-
tion in the justice, it surely was competent to the defendant to
show affirmatively on his part the want of jurisdiction. Such
proof was given, but it was rejected by the court. The court
erred also in their charge to the jury, who were instructed that
although the trunk was the property of the defendant, still he
must be convicted,if the officer had process regular on its face,
and had the manual possession of the trunk when the defend-
ant attempted to regain it ; that the defendant could not law-
fully regain it by force. The attachment directed the seizure
of the goods and chattels of the *defendant in the process.*
The officer took the property of another person, *the defendant
in the indictment.* In doing so he committed a *trespass.* The
owner of the trunk had a right to assert his title to the proper-
ty ; and if, in the attempt to regain it, at the very moment of

the seizure, he used no more force than was necessary to effect that object, his conduct was justifiable, " for," as was said by Lord *Ellenborough* in *the King* v. *Osmer*, 5 *East*, 304, " if a man without authority attempt to arrest another illegally, it is a breach of the peace, and any other person m iy lawfully interfere to prevent it, doing no more than is necessary for that purpose ; and nothing further appears in this case to have been done," although in that case the person pretending to act as an officer was *assaulted* and *imprisoned*.   In this case not as much was done as was necessary to regain the property, for the officer succeeded in carrying it off, and the party obtained it only by the suing out of a replevin.   In conclusion, there was a variance between the indictment and the evidence ; the indictment alleges that Hull was a constable of the *county of Oneida*, and the proof was that he was a constable of the *city of Utica*.

*E. Allen*, (district attorney of Oneida,) for the people.   The *third* count of the indictment was wholly unnecessary.   We have no statute punishing the offence of resisting an officer in the execution of process.   What therefore is alleged in the third count different from what is contained in the first and second counts is stated merely by way of aggravation, and might have been given in evidence under the two first counts.   Allowing, therefore, the third count to be defective, in not making the averments insisted upon as necessary on the other side, the judgment will be sustained ; for if there be one good count in an indictment and a general verdict, it is enough.   The attachment under which the seizure was made was regular upon its face, and the officer therefore is entitled to the protection of the law, not merely against an action for damages, but from violence to his person.   In *Savacool* v. *Boughton*, 5 *Wendell*, 170, the court held that a ministerial officer is protected in the execution of process, whether the same issue from a court of limited or general jurisdiction, although such court have not *in fact* jurisdiction in the case— provided, that on the face of the process, it appears that the court has jurisdiction of the subject matter, and nothing appears to apprise the officer, but that the court also has jurisdiction of the person of the party to be affected by the pro-

ALBANY,
Jan. 1835.

The People
v.
Cooper.

cess.  The verdict of the jury is conclusive upon the fact that at the time of the assault, the officer had the manual possession of the trunk.  Admitting, therefore, that the defendant might exercise the right of recaption, could it be exercised *without a breach of the peace*, the defendant here is properly convicted ;  for if a breach of the peace accompanies the act, the party is answerable *criminally*.  *Hyatt* v. *Wood*, 4 *John. R.* 158.

*By the court*, SUTHERLAND, J.  The court decided correctly in admitting the attachment in evidence, without proof of the preliminary proceedings necessary to render it regular.  The magistrate by whom it was issued had general jurisdiction to issue attachments, and the process was regular and unexceptionable upon its face.  The officer was not bound to inquire whether the requisite evidence had been exhibited to the justice to authorize the issuing of the attachment, in this particular case.  It was decided in *Savacool* v. *Boughton*, 5 *Wendell*, 170, that if the subject matter of a suit is within the jurisdiction of a court, but there is a want of jurisdiction as to the person or place, the officer who executes process issued in such suit is no trespasser, unless the want of jurisdiction appears on the face of the process.  If the property seized in this case had belonged to the defendant in the attachment, he could not have maintained trespass against the officer, even conceding that the bond and affidavit, upon which it was issued, were not such as the statute required ;  the process itself would have afforded him complete protection.  He could not have been called upon to show the regularity of the preliminary proceedings ;  and that principle appears to me to be applicable to this case, so far as to render the attachment itself competent evidence.

Resisting an officer in the execution of process is no distinct statute offence.   It is stated in the indictment merely by way of aggravation, and the evidence in relation to it was as applicable to the two first counts as to the third ;  and if the third count were defective in its averments, which I do not think it is, still the other counts being good, and the evidence applicable to them, it would be no ground for reversing the judgment.

The jury having found that the trunk was in the actual manual possession of Hull when the defendant attempted to recover it, and made the assault upon him. A party may regain the possession of his property by force, without subjecting himself to a *private action of trespass* for damages; but if he is guilty of a breach of the peace, he is answerable criminally. *Hyatt* v. *Wood,* 4 *Johns. R.* 158, *per Spencer, J.* This is the principle which the court intended to lay down in their charge in this case, and it was that undoubtedly upon which the defendant was convicted. He was not censurable for attempting to recover the possession of his property; but he had no right to break the peace, and commit an assault and battery upon the officer in order to effect it, although the circumstances of the case certainly afford an apology for considerable excitement upon his part. The court very properly considered it a mere technical offence, and imposed only a nominal fine. I think the judgment ought to be affirmed.