Thurman, J.
Yarious assignments of error are made, which may all be considered under the following heads: 1. Did the court ■err in its charge to the jury? 2. Is the indictment sufficient to ■support the verdict? 3. Is the verdict had for repugnancy?
The intent laid in the indictment, is to defraud Peter Pierson. The proof was, that the eounterfect bill was passed *to Pier-■son, by the defendants, in payment for a bonnet purchased by them of the firm of “Pierson & Beachtel,” the members of which were said Peter Pierson and Isaac Beachtel; that the bill “ was given and taken in payment for the bonnet, and the proper sum in change, in good money belonging to said firm, given in return to said defendants.” The court was asked to charge the jury, that, “if they found that, said bill was received by said Pierson, for .goods of the firm aforesaid, in their business, that the presumption of law was not that there was such an intent as charged in the said indictment, but that the intent presumable would be to defraud said Pierson & Beachtel; and that such variance between the .allegations of intent in said indictment, and that intent so found as aforesaid, would be fatal,” which charge the court refused to give and, on the contrary, charged that “ such proof would sustain said allegations of intent.” In this refusal to charge as asked, and in the charge as given, we see no error. An intent to defraud the firm necessarily included an intent to defraud each of its members, .and no prejudice could happen to the accused by a failure to set forth in the indictment the names of all the persons meant to be injured, or that the law would presume it was designed to injure. Unreasonable strictness ought not to be required, and where an indictment clearly charges a crime, and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained. The highest degree of certainty is not required ; certainty to a common intent is sufficient; and no rule ought to prevail which would only serve to shield the guilty, instead of protecting the innocent. Besides, the authorities fully sustain the action of the court. The People v. Curling, 1 Johns. 320, *490 is a case directly in point. The prisoner was convicted of forgery^ upon an indictment which, in one of its counts, charged the forgery of a check, signed “Daniel Ludlow & Co.,” with an intent to defraud Daniel Ludlow and Daniel Ludlow, junior; and, in another count, charged the uttering of the check with intent to defraud Daniel Ludlow. The members of the firm were *the two Ludlows, and one Dashwood. It was objected that the intent should have been laid to defraud all three. But the objection was overruled, the-court saying: “ Though the forgery was of the copartnership name of Daniel Dudloui & Co., it was not necessary to state an intention to defraud every individual of the company; the omission, therefore, of the name of one of the parties in one count, and of two of them in another, is not fatal.
By our statute, forgery is complete, if it be done with an intention to defraud any “person.” Though an intention, therefore, may have existed to defraud every member of society through whose hands the check passed, nothing more was required than that any one person, thus intended to be defrauded, should be designated. An acquittal, on such an indictment, will always be a bar to another prosecution for the same forgery, though laid with intent to injure some other person. A different rule would often render it very difficult to draw a correct bill, from not knowing all the partners of a house.”' Wo entirely agree with these remarks, and the further observations by which the opinion of the court was supported. Other authorities might be cited to the same effect, were it necessary to-do so.
But it is contended that the charge took from the jury the decision of a question of fact. This is a mistake.. The court did not undertake to determine any matter of fact. Fairly construed, the charge amounts merely to this, that there» was no variance between the proof and the indictment, supposing the proof to be as stated. The prisoners’ counsel asked for a charge, that, upon a given state of facts, the indictment was not supported. The court replied in substance, that state of facts will support it. This was proper enough, and no one could understand it as depriving the jury of their right to determine what was proved.
We are next to consider the alleged insufficiency of the indictment. There are four counts in it. The first charges that the accused “ feloniously did make, alter, forge, and counterfeit a certain bank note,” etc. The second and third charge them with uttering *491 “ a certain false, altered, ^forged, and counterfeited bank note,” etc. The fourth is for uttering “ a certain false, forged, and counterfeited bank note,” etc. In Kirby v. The State, 1 Ohio St. 185, it was decided that an indictment for uttering a certain, “false, forged, altered, and counterfeited” bill,.was bad for repugnancy. The judge who delivered the opinion in that case, gave certain definitions of the kinds of paper which he supposed the legislature had' in view, when the “ crimes act ” was passed. Butthis was not intended, I apprehend, as the judgment of the court. The simple ground upon which the decision rests is, that an altered bill is one that was genuine before the alteration, but that a “false,” “forged,” or “counterfeited ” bill, is one that was never genuine. Hence, it was deemed a contradiction to say that a bill was false, forged, and counterfeited, which was supposed to import that it was always spurious, and at the same time to call it an altered bill, thereby affirming that it once-was good. For myself, I am not satisfied with this reasoning; and, in my opinion, Kirby’s case was wrongly decided. A bill may, as every one knows, be false, forged, and counterfeited, without being altered; but is not every altered bill, in its new shape, a false, forged, and counterfeited bill ? So say the authorities, and it seems to me correctly. In 3 Arch. Criminal Practice and Pleas, 535, it is laid down that, “if the forgery consists of an alteration merely, it is deemed in law a forgery of the whole instrument, and will support an indictment for that offense; the point has been ruled upon an indictment on a statute containing, as the present statute for forgery does,, the word “ alter,” as well as “ forge.” The statement is fully sustained by the cases of Rex v. Dawson, 1 Strange 19; Rex v. Teague, R. & Ry. 33; and The State v. Flye, 26 Maine, 312.
I would, therefore, overrule the decision in Kirby v. The State, but as the record before us does not necessarily require it to be either-affirmed or overruled, a majority of the court, though willing to-reconsider it, are unwilling to do so in the present case. As before-stated, the fourth count of the indictment in question, omits the word “ altered,” and is clearly *good. And we are not prepared to depart from the rule, that has hitherto prevailed in Ohio, that one good count in an indictment will support a general verdict of guilty. Forsythe v. The State, 6 Ohio, 25.
There is nothing in the point that the verdict is inconsistent. If the three first counts are bad, the verdict is deemed, in law, to-be upon the fourth and good count, just as if the other counts had! *492 no existence. If all the counts are good, there is no repugnancy; for if Kirby’s case was wrongly decided, the bill mentioned in each of the counts may have been the same, notwithstanding the omission of the word altered in the fourth, it having been ruled, as before shown, that an indictment on an altered bill need not describe it as altered, but may simply call it 'false, forged, and counterfeited. But if the counts are for different offenses, yet being of the same nature and the punishment the same, there is no misjoinder, and the prisoners might well be found guilty of them all. Barton v. The State, 18 Ohio, 221.

Judgment affirmed.