RICHARD FRAZER, plaintiff in error, *vs.* THE PEOPLE,
                defendants in error.

Although a statutory offense is not charged, in the indictment, in the very
    words of the statute, yet if the substance—the substantial facts constituting
    the statutory offense—are well stated, that is sufficient.

Where an indictment contains some good counts and the jury find a general
    verdict of guilty, the conviction will be sustained, however defective the
    other counts may be; as the verdict will be applied to the good counts.

Any pregnant woman who shall take any medicine or drug for the purpose of
    procuring a miscarriage, is guilty of a criminal offense, of the same grade as
    that of a person administering medicine or drugs to her for that purpose, and
    is liable, upon conviction, to the same punishment.

The submission by a pregnant woman to an operation, or the taking of drugs,
    with intent to procure a miscarriage, is a moral as well as a legal offense;
    and that, with her confessed want of chastity, is an impeachment of such
    female, when examined as a witness against another, on an indictment against
    him for administering medicines and drugs to her, and renders a corrobora-
    tion proper, even if it be not indispensable.

The testimony of the physician who was present at the birth of the child, as to
    the fact of the birth, and his attendance, upon the employment of the defend-
    ant, is not corroborative of the female's testimony in respect to the guilt of
    the defendant in previously attempting to procure a miscarriage. Hence, a
    charge to the jury that such evidence is corroborative of the testimony of the
    female in respect to " the defendant's intent and connection with the alleged
    offense," is erroneous.

A corroboration, to be of any avail, should be as to some matter material to
    the issue. To prove that a witness has told the truth as to immaterial mat-
    ters, has no tendency to confirm his testimony involving the guilt of the
    party on trial.

FRAZER was indicted, tried and convicted, in the Lewis
county sessions, of administering medicines and drugs
to a pregnant female with intent to procure a miscarriage.
The principal witness was the female upon whom the
alleged offense was charged to have been committed, who,
at the time of the offense, was a single woman, having
been married in January, 1863. She testified to her preg-
nancy by the defendant; that in May or June, 1861, he
gave her pills and powders, which she took for the pur-
pose named, and that he subsequently took her to a Dr.
Bradish, that he might operate on her for an abortion, but

that nothing was done to or for her by Dr. Bradish. She was delivered of a full grown, healthy child, November 24, 1861. The first complaint was made against the defendant in the spring of 1862, and on that complaint this female was sworn as a witness. On her cross-examination she was asked why she delayed, from the birth of the child until the spring, before making the complaint; which was objected to, and the objection was sustained, and the question disallowed. Dr. Peden, a physician, proved that he attended at the birth of the child, and was employed to do so by the defendant. The jury were charged "that the evidence of Dr. Peden might be considered by. the jury as corroborative of the witness Daly, (the mother of the child,) so far as to discover the defendant's intent and connection with the alleged offense."

The defendant requested the court to charge the jury that the witness Daly was a *particeps criminis* or accomplice with the defendant, which discredited her; and that she should be corroborated, to entitle her testimony to full credit; which was refused, and the defendant excepted. The court did charge the jury that the witness was not a legal accomplice, for the want of evidence and prosecution, although necessarily privy to the defendant's acts; to which there was an exception. The jury were further instructed, that if they found from the evidence that the witness Daly was concerned in the alleged offense with the defendant, they might give her evidence such weight and credibility as they thought best, and as it was entitled to. And to this the defendant excepted.

The defendant was convicted, and the proceedings and bill of exceptions were removed into this court, by certiorari, for review.

*A. Mereness,* for the defendant.

*C. E. Stephens,* (district attorney,) for the people.

*By the Court,* ALLEN, J.   Objections were made to the sufficiency of the first two counts of the indictment.   I do not think them tenable.   The offense, it is true, is not in the first count charged in the very words of the statute, but in substance—the substantial facts constituting the statutory offense—are well stated ; and this is sufficient. (*The People* v. *Stockham,* 1 *Park. Rep.* 424.   *Thompson* v. *The People,* 3 *id.* 208.)   But as there are three counts to which no exception is taken, and as there is a general verdict of guilty, the conviction must be sustained, as the verdict will be applied to the good counts.   (*The People* v. *Curling,* 1 *John.* 320 ; *Same* v. *Cooper,* 13 *Wend.* 379.)

The witness Daly was, upon her own statement, guilty of a criminal offense of the same grade as that charged upon the defendant, and was as liable, upon conviction, to the same punishment.   (3 *R. S. 5th ed.* 975, § 21.)   The submission to an operation, or the taking of drugs, with intent to procure a miscarriage, is a moral as well as a legal offense ; and that, with the confessed want of chastity, was an impeachment of the witness, and rendered a corroboration proper, even if it was not indispensable.   Her avowed enmity to the defendant went to her credibility, and the circumstances of the case resting alone upon her testimony, were not necessarily conclusive as to the guilt of the defendant.   There was a fair question for the jury, upon all the evidence, as to the guilt or innocence of the accused, and no one could have questioned the verdict of the jury, either way.   But if the witness Daly was in truth corroborated, so that her statement could challenge implicit belief, there was no doubt of the guilt of the defendant.   The testimony of Dr. Peden was relied upon as thus corroborating the witness.   And the judge charged that it was corroborative as to the defendant's *intent and connection with the alleged offense.*   Now it only corroborated her as to the single fact of the birth of the child, which was not disputed, and which did not at all tend to prove the

offense. She did not testify that she was attended by Dr. Peden, or that the accused employed him; and if she had, the case would not have been varied. They were comparatively unimportant facts, not in the least implicating the accused in a criminal offense. The claim is that the fact of the employment of Dr. Peden by the defendant to attend upon the girl at her confinement is some evidence of his paternity of the child, and this latter fact being proved, a motive existed for the commission of the offense, and that this motive thus inferred corroborates the evidence of the girl as to the actual guilt of the party. This is quite too far fetched and fanciful. It was necessary to infer a fact, to wit, the guilty connection of the accused, with the perjury of the girl from another fact which is equally consistent with the entire innocence of the accused. He may have employed Dr. Peden from sympathy for the girl and as an act of charity; or may have done so at her request, for she has not said to the contrary; and the very publicity of the personal employment of a respectable physician, when it might, if there was guilt to conceal, have been done in various ways without the appearance of the defendant, or implicating him in the least, would seem to evidence a conscious innocence and purity of purpose; at least it is capable of this construction. But concede that from this fact the jury might infer that the reason of his interest in the girl was because he was chargeable with her pregnancy, and that therefore there was a motive for the commission of the offense, that does not necessarily prove, or tend to prove, guilt in the respect charged. What would be a sufficient inducement to one man to commit a crime the most heinous would be no temptation to another to offend in the least against the laws. It is difficult to see how the performance of an act legitimate and proper in November can tend to establish the commission of a crime in May or June preceding; or how it is to be inferred that because the accused was

willing or desirous that the girl should be properly attended and cared for, on her delivery when her full time was come, he attempted to procure a miscarriage by unlawful means, in the earlier stages of pregnancy. A corroboration, to be of any avail, should be as to some matter material to the issue. To prove that a witness has told the truth as to immaterial matters has no tendency to confirm his testimony involving the guilt of the party on trial. (1 *Greenl. on Ev.* § 381, *n.* 1.) In *Rex* v. *Addis*, (6 *Car. & P.* 388,) PATTERSON, J., said " The corroboration of an accomplice [and the rule must be the same as to any witness for any reason needing confirmation and support] ought to be to some fact or facts the truth or falsehood of which goes to prove or disprove the offense charged against the person." And in *Rex* v. *Webb*, (6 *Car. & P.* 595,) WILLIAMS, J., said that something ought to be proved tending to bring the matter home to the prisoners; and that proving by other witnesses that the robbery was committed in the way described was not such a confirmation of the accomplice as would entitle his evidence to credit. And see *Rex* v. *Wilkes*, (7 *Car. & P.* 272;) and to the same effect, *Commonwealth* v. *Bosworth*, (22 *Pick.* 397;) *People* v. *Davis*, 21 *Wend.* 309.)

The question is not whether it was indispensable to the conviction that the witness should be corroborated. I do not think it was; but that the jury might, in their discretion, have convicted upon the unsupported evidence of the witness. Whether it would have been discreet to do so is quite another question, and it is quite possible that the jury would have been unwilling to do so. And the charge that the evidence of Dr. Peden was corroborative of the testimony of the witness in respect to the principal fact, to wit, " the defendant's intent and connection with the alleged offense," may well have been, and doubtless was, influential with the jury, inducing them to give that credit to her testimony which was not due to her uncorroborated

statement. It cannot be said that this error in the charge could not have prejudiced the defendant. There are other parts of the charge which might entitle the defendant to a reversal of the conviction; but I do not deem it necessary to remark upon them.

For the error stated, the conviction must be reversed, and a venire *de novo* awarded to the Lewis county sessions.

[Oswego General Term, July 14, 1863. *Allen, Mullin, Morgan* and *Bacon*, Justices.]