## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* ALFRED F. VEDDER, APPELLANT.

*Evidence — when admissible as tending to corroborate other testimony — "Accomplice" — meaning of, as used in section 399 of the Code of Criminal Procedure.*

The defendant was tried and convicted upon an indictment charging that he, together with one Patterson, used instruments upon the body of one Annie Walters to procure her miscarriage. The operation was performed by Patterson, and it was not claimed that the defendant took part in it or was present when it was performed. He offered no testimony to show that it was not performed, his position being that he did not advise the operation, nor did he have anything to do with it. The only direct testimony showing that he had advised it, was that of the woman upon whom it was performed. She had testified also that the operation was performed by Patterson, at his office, by the use of an instrument. A police officer testified that about a month after the time of the alleged operation he found certain instruments in Patterson's office which were produced upon the trial. The defendant's counsel requested the court to charge that the finding of the tools in Patterson's office was not any evidence in "corroboration of Annie Walters on this question of the committing an abortion, as against Mr. Vedder."

*Held*, that the court properly refused so to charge. (LANDON, J., dissenting.)

That to justify Vedder's conviction the prosecution were required to prove two things: First. That an abortion had been committed; and, Second. That the defendant had induced the woman to submit to it.

That the finding of the instruments tended to corroborate the woman's testimony as to the first, though not as to the second, of those facts, and was therefore admissible.

The court charged that as the woman could not be indicted with the defendant for the offense charged in the indictment, she was not an "accomplice" within the meaning of that term, as used in section 399 of the Code of Criminal Procedure, providing that a conviction cannot be had upon the uncorroborated testimony of an accomplice.

*Held*, no error.

APPEAL from a judgment of conviction, entered upon the trial of the defendant upon an indictment charging him and one Patterson with using instruments upon the body of one Annie A. Walters to procure her miscarriage.

*J. H. Clute*, for the appellant.

*D. Cady Herrick*, district attorney, for the respondents.

LANDON, J.:

The trial court instructed the jury that the female upon whom the abortion was performed, and who was the only witness against the defendant as to his commission of the offense, "cannot be indicted with the defendant for the offense charged in the indictment, and is not under the statute technically an accomplice." This instruction was authorized by *Dunn* v. *The People* (29 N. Y., 527). The two hundred and ninety-fourth section of the Penal Code under which the prisoner was indicted, and the two hundred and ninety-fifth section, under which the female who submitted to the operation might have been indicted, are not, in any matters material to the question now presented, different from the second and third sections of chapter 260, Laws of 1845. Then, as now, the person who advised and the female who consented to the abortion were indictable ; each one for his or her separate statutory offense.

The learned judge in other parts of his charge stated the law accurately and fairly with respect to the corroboration of the prosecutrix. He said : "Though she is not technically an accomplice, she is liable to an indictment for an offense growing out of the same transaction. She stands in her relation to the offense very much in the nature of an accomplice, and therefore her evidence should be scrutinized and received with care, and should be corroborated upon material facts relating to the guilt of the defendant. Still there is no such inflexible rule" (*i. e.*, that she should be corroborated). Her statement should be received with caution and the defendant should not be convicted, and it would not be safe to convict upon the uncorroborated testimony of a person equally liable to punishment with the defendant. But after all, if her testimony carries conviction to your minds and you are fully convinced of its truth, you should give full effect to it." Such has long been the language of the courts. (*Dunn* v. *People, supra* ; *People* v. *Costello,* 1 Denio, 83 ; *Frazer* v. *People,* 54 Barb., 306 ; *Commonwealth* v. *Wood,* 11 Gray, 85.)

Corroboration in a case of this kind is not a condition precedent to conviction, but a prudent caution will seek for greater safety in finding corroboration, and such corroboration will be in matters connecting the defendant with the offense.

We have examined the alleged grounds of error assigned by

the defendant's counsel and find none, unless in the following particular: the defendant was not present when the operation resulting in the abortion was performed. He offered no testimony tending to show that it was not performed. His position was that he had nothing to do with it; neither advised nor caused it. There was no direct testimony that he had advised it, except that of the female who submitted to the operation. She testified that she submitted to it upon his advice and procurement. Discredited as she was by the transaction itself, it became important for the people to satisfy the jury that her testimony was true. Not that such testimony would be necessary to support a conviction, but to procure it. She testified that the operation was performed by one Dr. Patterson, at his office, by the use of an instrument. A police officer testified, under objection by the defendant, that upon search of Dr. Patterson's office, about a month after the alleged operation, he found certain instruments. These were produced in evidence by the people, the defendant's objection that the evidence did not tend to connect him with the offense being overruled.

The defendant's counsel requested the court to charge the jury that the finding of the tools in Patterson's office was not any evidence in corroboration of Annie Walters on the question of committing an abortion, as against the defendant Vedder. The court declined so to charge, and stated that he would leave that with the jury.

The jury were thus left to infer that they might consider this testimony as tending to connect Vedder with the offense, or what was probably in the mind of the judge, that the jury were at liberty, if they found she told the truth about Patterson, to find that she also told it about Vedder. That the evidence tended to corroborate her testimony that an operation had been performed upon her by Patterson might have rendered it competent if it had been so restricted. (*Commonwealth* v. *Brown*, 121 Mass., 69.) But it did not tend to connect Vedder with the crime, and in no respect touched him. To make it touch Vedder it must be assumed that he counseled the operation which these instruments were used to perform — the essential fact sought to be proven. To allow the jury to believe that Vedder advised the use of the instrument, because an instrument is produced, verges upon the whimsical. The

court had no such purpose, but it is not clear that the jury did not so reason; and to assume that she told the truth about matters touching Vedder, because she told the truth about matters which did not touch him, is a method so specious and dangerous as to have frequently fallen under the condemnation of the courts. (*Frazer* v. *People*, 54 Barb., 306; *Commonwealth* v. *Bosworth*, 22 Pick., 397; *Rex* v. *Webb*, 6 Carr. & P., 595.) We cannot know in what manner the jury regarded this testimony. It did not affect Vedder, and he was entitled to the charge requested.

The refusal of the court to charge as requested entitles the defendant to a new trial.

LEARNED, P. J.:

The request of the defendant's counsel, refused by the court, was that the court should charge "that the finding of the tools in Mr. Patterson's office is not any evidence of corroboration of Annie Walters on this question of the committing an abortion as against Mr. Vedder."

Two things were to be proved: 1. The commission of the abortion. 2. The connection of Vedder with the act. If the finding of the tools tended to corroborate Annie Walters on the former, the proof was admissible. If admissible, it was admissible against Mr. Vedder. Had the defendant's counsel asked the court to charge that this evidence did not tend to corroborate Annie Walters in respect to connecting Mr. Vedder with the alleged crime, he would have made a proper request. But suppose the court had charged as requested, what would the charge have been? That, as against Mr. Vedder, the finding of the instruments was no corroboration on the question of committing an abortion. That would not have been correct. True, the evidence did not tend to connect Mr. Vedder with the act of committing an abortion, but it did tend to corroborate Annie Walters in her testimony that an abortion had been committed. It was competent, as against Mr. Vedder, for that purpose; and the judge did not say that it was competent as corroborating her evidence about Mr. Vedder's connection with the act. A burglary is alleged to have been committed. Burglars' tools found at the place are competent evidence that a burglary has been committed. They do not, of themselves, tend to connect the pris-

oner with the crime, but they are competent as against him. It is not to show that Annie Walters told the truth in one instance, and therefore is to be believed in the other, that the evidence is given. It is to prove the *fact* of the abortion, so that *this* shall not be left to her unsupported evidence. As to connecting Mr. Vedder with the act her evidence, under the usual rule, should also be corroborated.

I see no error.

BOCKES, J.:

The only point of difficulty in this case, as I think, is that considered by Mr. Justice LANDON in his opinion growing out of the refusal of the court to charge the jury that the finding of the tools in Mr. Patterson's office was not any evidence of corroboration of Annie Walters on the question of the committing of an abortion, as against Mr. Vedder. The court had instructed the jury immediately preceding such refusal, at the instance of the defendant's counsel, that the witness, Annie Walters, must be in all things corroborated on matters connected with the commission of the crime. Then followed the request to charge as above stated; which request was refused. The request, as will be observed, went to or bore upon the question whether an abortion had been committed. This was the leading fact to be proved in the case, a fact necessary to be established *against the defendant* in order to convict him of the offense for which he was on trial. Now, any proper evidence bearing upon this leading fact was competent *as against the defendant.* The witness, Annie Walters, testified to facts and circumstances attending the commission of the act by Patterson in his office, the defendant not being present. She testified to his use of an instrument upon her person. Proof was given of the finding of implements, useful for the purpose intended to be accomplished, in Patterson's office. Now, for the court to have charged as requested, that the finding of the tools in Patterson's office was not, as against the defendant, any evidence in corroboration of the witness, on the question of the *committing of the abortion*, would have been improper—hence the refusal to charge was not error. Had the request been this: that the evidence did not corroborate this witness in his statement connecting the defendant with the crime of abortion testified to by him, the case would

have been quite different. Judging from the whole tenor of the trial this instruction would have been given by the court, had a request therefor been made. Indeed, the court did charge as requested by the defendant's counsel in the next proposition submitted by him, " that the fact that Annie Walters was corroborated in the situation and the condition, and the things that were found in the room of Dr. Patterson, was no evidence of corroboration, with reference to the offense charged against Vedder." This instruction was in fact given. In my opinion the conviction and judgment should be affirmed.

Judgment and conviction affirmed.