THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANT, v. JOHN KLOCK, RESPONDENT.

*Indictment — the rule for construing words used in it, stated — what facts show that the defendant has kept a place where animals are fought — Penal Code, sec. 665 — the words " bird or animal," as used therein, embraces game cocks.*

The defendant was indicted for keeping 'a place where animals were fought, the indictment alleging that the defendant, on March 15, 1886, at the town of Preble and county of Cortland, did keep and maintain a certain common, ill-governed and disorderly house; and being the proprietor and occupant of said house did, then and there, keep and use said house and a room and apartment therein, and did, then and there, willfully permit the same to be used and occupied for baiting and fighting certain birds, to wit, " game cocks."

*Held,* that the facts stated in the indictment were sufficient to constitute the offense of keeping a place where animals are fought, within section 665 of the Penal Code.

Under section 282 of the Code of Criminal Procedure, which lays down a rule for construing the words used in an indictment, it is the duty of the court to ascertain the fair sense and acceptation of the language used, and to disregard captious objections in determining the meaning of the allegations in the indictment, and where two permissable constructions may be had it is the duty of the court to adopt the one sustaining the proceeding.

That the words " bird or animal," used in section 665 of the Penal Code, must be held to embrace " game cocks " mentioned in the indictment

APPEAL from an order and judgment of the Court of Sessions of the county of Cortland, sustaining the demurrer of the defendant to an indictment found against him in the Court of Oyer and Terminer, and sent to said Court of Sessions for trial.

Among the grounds assigned in the demurrer are the following: 1st. " That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure." 2d. " That more than one crime is charged in the indictment, within the meaning of sections 278 and 279 of the Code of Criminal Procedure." 3d. " That the facts stated do not constitute a crime."

The indictment was as follows:

INDICTMENT FOR KEEPING A PLACE WHERE ANIMALS ARE FOUGHT.

" The grand jury of the county of Cortland by this indictment accuse John Klock of the crime of keeping a place where animals

are fought, committed as follows: The said John Klock on the fifteenth day of March, eighteen hundred and eighty-six, at the town of Preble in this county, with force and arms, at the town aforesaid, in the county aforesaid, did keep and maintain a certain common, ill-governed and disorderly house; and in the said house, for their own lucre and profit, certain evil and ill-disposed persons of ill name and fame, and of dishonest conversation, to frequent and come together, then and the said other days and times there unlawfully and willfully, being the proprietor and occupant of said house, did then and there keep and use said house and a room and apartment therein, and did then and there willfully permit the same to be used and occupied for baiting and fighting certain birds, to wit, game cocks, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

*H. L. Bronson*, district attorney of Cortland county, for the appellant.

*A. P. Smith*, for the respondent.

HARDIN, P. J. :

Section 275 of the Code of Criminal Procedure provides that an indictment must contain "a plain and concise statement of the act constituting the crime without unnecessary repetition." It need not follow the very words of the statute; it is sufficient that the facts constituting the crime are well stated. (*Frazer* v. *The People*, 54 Barb., 306; *Tully* v. *The People*, 67 N. Y., 15; Code of Crim. Pro., § 283.)

Section 278 of the Code of Criminal Procedure provides: "The indictment must charge but one crime and in one form, except as in the next section provided." Section 279 of the Code of Criminal Procedure provides: "The crime may be charged in separate counts to have been committed in a different manner or by different means." * * * Section 665 of the Penal Code defines what acts committed or permitted shall constitute a misdemeanor. The section is as follows: "A person who keeps or uses, or is in any way connected with or interested in the management of, or receives money for the admission of any person to a house, apartment, pit

or place kept or used for baiting or fighting any bird or animal, and any owner or occupant of a house, apartment, pit or place, who willfully procures or permits the same to be used or occupied for such baiting or fighting, is guilty of a misdemeanor."

We think the facts stated in the indictment are sufficient to bring the offense under the section just quoted, and that the language of the indictment answers the requirements of subdivision 2 of section 275 by containing, viz., " a plain and concise statement of the act constituting the crime without unnecessary repetition."

Section 282 of the Code of Criminal Procedure lays down a rule which must be applied in construing the language of the indictment before us. That section declares, viz.: "The words used in an indictment must be construed, in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Under that section it is the duty of the court to ascertain the fair sense and acceptation of the language used, and to disregard captious objections in determining the meaning of the allegations in an indictment, and where two permissable constructions may be had it is the duty of the court to adopt the one sustaining the proceedings. (*Rex* v. *Stevens*, 5 East, 344; *Phelps* v. *The People*, 6 Hun, 401; S. C., 72 N. Y., 334.)

We think the indictment does not contain facts sufficient to charge a crime under section 322 of the Penal Code, which section forbids the keeping of disorderly houses. We think the indictment fails to charge an offense under section 385 of the Penal Code, which section forbids a public nuisance. We are also of the opinion that the indictment does not charge that the defendant is a disorderly person within the language of section 899 of the Code of Criminal Procedure.

The indictment charges the defendant with having kept and maintained a house, and being the proprietor and occupant of a house, he " did then and there keep and use said house and a room and apartment therein, and did then and there willfully permit the same to be used and occupied for baiting and fighting certain birds, to wit, game cocks." Being the owner of a house and having permitted the same to be used and occupied for baiting and fighting any bird or animal, he was guilty of the offense charged, in that he had violated section

665 of the Penal Code. The words "bird or animal," used in section 665, must be held to embrace game cocks mentioned in the indictment. By section 669 of the Penal Code the word "animal" is defined to include every living creature except the human race. We think the Court of Sessions fell into an error in not sustaining the indictment. The demurrer should have been overruled. We must reverse the order and judgment of the Court of Sessions which sustained the demurrer, and direct that court to enter an order overruling the demurrer and to proceed.

FOLLETT and MARTIN, JJ., concurred.

Order and judgment of the Court of Sessions of Cortland county reversed and demurrer overruled. Proceedings remitted to that court with instructions to proceed.